### B. F. PASCHAL v. MARTHA L. OWEN.

No. 6461.

1. **Assignments of Error.**—"The court erred in overruling defendant's general and special demurrers" points out no distinct error and is too general to require consideration.

2. **Practice—Charge.**—A widow sued for the unlawful and malicious killing of her husband. By amended petition filed more than one year after her husband's death the names of three adult surviving children of the deceased were given. One of the grounds of special exception overruled was that the rights of the children were barred because their suit had not been brought within twelve months after their father's death. *Held,* that the court properly charged the jury that the children could not recover, their rights being barred.

3. **Suit for Malicious Killing.**—The statute intends that but one suit be brought upon such cause of action. Want of proper parties plaintiff, however, must be met by objection for such nonjoinder.

4. **Argument of Counsel.**—Counsel in reply to matters outside the record introduced by his adversary may discuss such matters.   See example.

5. **Verdict not Excessive.**—See facts where verdict for $6250 damages was sustained as not excessive.

APPEAL from Denton.  Tried below before Hon. F. E. Piner.
The opinion gives a statement.

*J. A. Carroll* and *E. C. Smith*, for appellant. — 1.   Florence Kyle, W. H. H. Owen, and Jeff D. Owen are surviving children of Randolf Owen, deceased, and beneficiaries of any recovery that may be had in this cause, and the suit should have been by all the beneficiaries of such recovery or for the benefit of all, so that the damages might have been apportioned among all by one verdict.   And the court erred in not sustaining appellant's general demurrer, and in instructing the jury that they might find for plaintiff Martha L. Owen alone, and in rendering judgment upon the verdict of the jury thus found.   Rev. Stats., arts. 2903, 2904, 2909; Railway v. Culberson, 68 Texas, 664; Railway v. Spiker, 59 Texas, 436.

2.   The court erred in permitting plaintiff's counsel J. M. Copley to use the language set out in defendant's bill of exception No. 1, and not instructing the jury to disregard such remarks and comment.   Railway v. Garcia, 62 Texas, 285.

3.   The verdict was excessive and unwarranted by the testimony.

*J. M. Copley* and *J. R. Zeigler*, for appellee. — 1.   The court did not err in overruling appellant's general demurrer, because if all who are beneficiaries of any recovery that may be had in this cause had not been made parties this defect could only be reached by plea in abatement.   Rev. Stats., art. 1265; March v. Walker, 48 Texas, 372; Railway v. Moore, 49 Texas, 31; Railway v. Le Gierse, 51 Texas, 200; Railway v. Berry, 67 Texas, 240; Hill v. Newman, 67 Texas, 266.

2.   Since the names of Florence Kyle, W. H. H. Owen, and Jeff D. Owen were first suggested in plaintiff's third amended petition, and after their claim, if any they had, was barred by the statute of limitation, the court did not err in instructing the jury that these parties would not be entitled to recover anything in this suit, and that plaintiff Martha L. Owen was entitled to recover the damages which she had individually sustained.   Railway v. Moore, 49 Texas, 31; Hill v. Newman, 67 Texas, 266.

3.   Florence Kyle, W. H. H. Owen, and Jeff D. Owen are not beneficiaries of any recovery that may be had in this cause, for the reason that they were each more than 21 years old at the death of the said Owen and not dependent upon him for support.   Railway v. Le Gierse, 51 Texas, 200; March v. Walker, 48 Texas, 376, 377; Railway v. Bradley, 45 Texas, 175.

ACKER, PRESIDING JUDGE.—On the 22d day of January, 1885, Ran-

dolf Owen died from a wound inflicted by B. F. Paschal. On the 4th day of June, 1885, Martha L. Owen brought this suit against B. F. Paschal to recover $25,000 damages alleged to have been sustained by her in consequence of the "unlawful, willful, and malicious killing of her husband Randolf Owen."

By amended petition filed August 9, 1887, the plaintiff alleged that her deceased husband left no surviving parent, but "left surviving him children and heirs, to-wit, Florence Kyle, aged 30 years; W. H. H. Owen, aged 28 years; and Jeff. D. Owen, aged 26 years."

The defendant answered by general demurrer, three special demurrers, and general denial.

The demurrers were overruled, and the trial by jury resulted in verdict and judgment for plaintiff Martha L. Owen for $6250 actual damages, and defendant appealed.

The first assignment of error is: "The court erred in overruling defendant's general and special demurrers." As has been often decided by this court, such assignment points out no distinct error and is too general to require consideration.

The next assignment of error presented is: "The court erred in the following portion of its charge, to-wit: 'Florence Kyle, W. H. H. Owen, and Jeff. D. Owen would not be entitled to recover anything in this action, their claim, if any they had, being barred by the statute of limitation—that is, more than one year having elapsed after the death of said Owen before they were in any way made parties.'"

One of defendant's special exceptions to the petition was upon the ground that the children of the deceased were made parties more than one year after the cause of action arose, and that their claim, if any they ever had, was therefore barred.

The petition merely gave the respective names and ages of the children, but did not seek to recover anything for them, and in stating the ages it was shown that their cause of action, if any they ever had, was barred. Being adults at the time of their father's death, the statute began to run against them at once, and the court did not err in so instructing the jury. So if there was error in overruling the special exception setting up limitation it was cured by the charge of the court.

Under this assignment it is also contended that the suit should have been brought for the benefit of the children as well as the widow.

The statute provides that the action may be brought by all the parties entitled thereto, or by any one or more of them for the benefit of all. Art. 2904. "It was the evident intention of the Legislature in enacting the statute under which this suit was brought that there should be but one suit for the benefit of all parties to whom the right of action is given. And it has been decided that where the objection for nonjoinder is made at the proper time, the suit should be abated until proper parties are

joined in the action, either as actual parties or included by proper allegations in the benefit of the action." Railway v. Henry, 75 Texas, 222. There was no objection made by the defendant at any time because of the nonjoinder of the children of deceased or because of plaintiff's failure to include them by proper averments in the benefit of the action. The averments of the petition which disclosed the existence of the children also showed that any right they may have had had been lost by the operation of the statute of limitation of one year.

The next assignment of error presented is: "The court erred in permitting plaintiff's counsel J. M. Copley to use the language set out in defendant's bill of exception No. 1, and not instructing the jury to disregard such remarks and comments instead of reserving to himself the right, after the jury had been influenced thereby, to attempt to further injure the rights of defendant by giving his individual opinion as to the effect of such remarks, and thereby further attempting to destroy the effect of said bill of exceptions."

It appears from the bill of exceptions that counsel for plaintiff in argument to the jury used the following language: "Gentlemen of the jury, if the defendant Paschal acted in self-defense and done no wrong, as defendant's counsel claim, why don't they bring Ben Paschal back? Why don't he come into court? Why did he run off? Why don't he come back here and defend this suit?" That after defendant's counsel had twice excepted to the remarks of plaintiff's counsel the court remarked to Mr. Copley that he must confine himself to the evidence in the case and refrain from any more such remarks, and that there was no such evidence.

In approving the bill the trial judge made the following statement: "The remarks of Mr. Copley were not as prolonged as this bill would seem to indicate, and were in reply to former counsel, as the attorneys on both sides had argued that this was a fight between two sets of widows and orphans; and while there was no evidence to the effect that Ben Paschal had run off, it seemed in the argument a conceded fact. I do not think the remarks of plaintiff's counsel were in any respect prejudicial to defendant's case or rights."

It appears from the remarks complained of that counsel for defendant had stated that the defendant acted in self-defense in killing plaintiff's husband. Such statement by counsel in defense of a suit to recover damages for the unlawful killing of deceased would naturally call for such questions as were propounded by plaintiff's counsel in the language complained of. It appears from the statement of the judge endorsed upon the bill of exceptions that the fact that defendant had run off was conceded in the argument. In prosecutions for crime it is permissible to prove the flight of the defendant, and the fact when proved is a proper subject for comment before the jury.

If defendant had killed the deceased in self-defense the killing would

have been lawful and he would not have been liable criminally nor responsible pecuniarily for the death. The remarks complained of, together with the statement of the court endorsed upon the bill, showed that the language was used in reply to language used by defendant's counsel, and our attention has not been called to any fact or circumstance which we think tends to show that the defendant's rights were prejudiced in any degree by the remarks, nor do we think there is anything in the record which tends even remotely to sustain the imputation made in this assignment against the integrity and impartiality of the trial judge.

Under the remaining assignment of error it is urged that the amount of the judgment is excessive. The deceased was 55 years of age, a healthy, vigorous, active business man, whose expectancy of life, according to the tables introduced in evidence, was sixteen or seventeen years. It was proved that he always provided a support for plaintiff, and there was evidence that he earned from $500 and $1200 a year. While we think the verdict large, we can not say in the light of the previous decisions of this court that it is excessive. Railway v. Henry, *supra.*

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted June 10, 1890.