### COLE & BLOCKER v. J. F. PARKER ET AL.

Decided December 21, 1901.

1.—Action for Death—Statutory Liability—Negligence of Agent or Employe.

Under the article of the statute giving a cause of action "when the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another," a party is not liable for the acts or omission of his agents or employes, causing death, but death must result from his own immediate act or omission. Rev. Stats., art. 3017.

2.—Same—Charge.

Where, in an action of damages for causing death, the petition charged negligence on the part of defendants, lessees of an electric light plant, and their employes, and the court instructed that defendants would be liable if they were negligent in operating the plant, a requested charge that they would not be liable if the real and direct cause of death was some negligent act or omission on the part of the persons they had placed in charge of the plant to operate it, should have been given.

3.—Same—Liability for Negligence—Electric Plant.

Where death resulting from defective construction of an electric light plant in failing to have a guy wire properly insulated, the liability of the lessee company operating the plant depended on whether or not. they were negligent in not discovering and remedying the defect.

4.—Negligence—Electricity—Degree of Care.

In the construction and operation of an electric light plant the highest degree of care must be used to protect persons and property from injury.

5.—Same—Liability Defined.

Parties operating an electric light plant are bound to exercise proper care to see that the plant is properly constructed before having it operated, and if they are negligent in this respect, the death of another caused by such negligence renders them liable without actual knowledge of the defect, and although the plant is operated by their employes.

6.—Action for Death—Minor Son—Parent's Measure of Damages.

A parent may recover for the wrongful death of a minor son the pecuniary value of the son's services during minority, less the expense of his maintainance during that period, and in addition, such pecuniary aid as the parent has reasonable expectation of receiving from the son after his majority.

7.—Same—Discretion of Jury.

Since the statute provides that in actions for death "the jury may give such damages as they think proportioned to the injury," the amount of the damages in such cases is within the discretion of the jury, subject, however, to revision by the court in the event such discretion is abused. Rev. Stats., art. 3027.

Appeal from Fannin. Tried below before Hon. Ben H. Denton.

*Taylor & McGrady,* for appellants.

*Gross & Gross* and *Hale & Hale,* for appellees.

RAINEY, CHIEF JUSTICE.—Appellees sued to recover damages for the death of their son, which was alleged to have occurred from the negligent construction and operation of an electric light plant operated by appellants and their agents in the town of Honey Grove. Defendant answered by general denial, and specially plead contributory negligence.

The testimony is that. the town of Honey Grove put in an electric light plant for lighting its streets and to furnish lights to its inhabitants for hire, and operated it for two or three years, and on September 1, 1899, leased it to appellants to be operated by them for five years for a stipulated consideration. At the northwest corner of plaintiffs' residence lot in said city, at the intersection of two streets, there was placed an arc light for lighting the streets, which hung twenty feet above the ground, suspended from a cable wire which ran from top of a post twenty-five feet high in edge of street at northwest corner of plaintiffs' lot diagonally across the streets in a northwest direction to top of a like post near the corner of the opposite lot. These posts were braced by means of guy wires and slug posts. At northwest corner of plaintiffs' lot one guy ran from near top of post down to the south and tied to top of a slug set in ground in edge of street about six feet from ground, and a like guy ran from near top of this post down and east to top of a

slug set in ground just outside the sidewalk and near plaintiffs' front yard gate. It was on this guy wire that deceased was killed by a charge of electricity. On January 21, 1900, just after dark, deceased, a boy 17 years old, with other boys, was playing in the street under this light; he took hold of said guy wire to shake or scare a bird out of hood of said light, and received an electric shock, killing him instantly. The electric wires were extended over the city at the top of tall poles set in streets near the side, in the usual way. The wires around the guy post were in easy reach of those traveling along the sidewalk. Cole, one of the appellants, testified that he knew the height of the guy post where the accident occurred; he "knew of Jim Lamaster coming in contact with one of the guy wires in another part of the town, and that he had sued and recovered judgment for such injury sustained." Blocker testified that he had heard of the Lamaster incident.

Appellants were unskilled in the construction and operation of electric light plants. The operation of the plant had been intrusted to employes whom they supposed were competent. They testified that they did not know of any defect in the construction of the plant, or of any negligence of their employes in failing to keep it in repair; that the plant had been constructed by the city under the supervision of one whom they learned to be competent.

Appellants requested the court to charge the jury: "If you believe from the evidence that the real and direct cause of the death of deceased was some negligent act or omission on the part of the persons whom Cole & Blocker had placed in charge of said plant to operate it, then find for defendants."

In view of the allegations of plaintiffs' petition and the charge of the court, this special charge should have been given. The petition alleged negligence on the part of the defendants and their employes. The court charged the jury, in effect, that the defendants would be liable if they were negligent in operating the plant and keeping it in repair. No charge was given relative to the nonliability of defendants for the acts of their employes. The court's charge failing to mention the effect of the negligence of the employes was calculated to lead the jury to believe that if there was negligence on the part of the employes, defendants were responsible therefor.

Actions for injuries resulting in death caused from wrongful act or omission exist only by virtue of the statute. The statute (Revised Statutes, article 3017) gives a cause of action in cases like this, "when the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another." Under this provision a party is not liable for the act or omission of its agents causing death, but death must result from his own immediate act or omission, etc. Hendrick v. Walton, 69 Texas, 192; Hargrave v. Vaughn, 82 Texas, 347.

It appears from the testimony of Ote Hale, appellants' employe whose duty it was to keep the lines in repair, that the injury resulted from a defective construction in failing to have the guy wire properly insulated.

His evidence on this point was not contradicted. This being true, the issue then was, whether or not appellants were negligent in not discovering the defect and having it remedied. The authorities hold that in the construction and operation of an electric light plant the highest degree of care should be used to protect persons and property from injury. Girandi v. Electric Co., 107 Cal., 210; McLaughlin v. Electric Co., 37 S. W. Rep. (Ky.), 851, and authorities therein cited.

Appellants were dealing with a dangerous force, and it was their duty to exercise proper care to see that the plant was properly constructed before having the plant operated. Whether they used proper care in this respect is a question for the jury to determine from the evidence adduced on the trial of the cause. If appellants were negligent in this respect, then the injury would be the result of their "immediate act," or rather their omission, though the plant was operated by their employes. Where the owner causes defective machinery to be put in operation, knowing, or by the use of proper diligence might have known, of its defective condition, and death results to another by reason of such defeat, he will be held liable therefor. That he was unskilled in its use and did not know of the defect will not be sufficient excuse for him. The law imposes upon him the duty of exercising proper care in regard to its condition, and failing to use such care, he is responsible for the consequences. Unskillfulness is a ground for recovery under the statute, where death results therefrom. Art. 3017.

Appellant complains of the court's charge on the measure of damages, and the refusing to give special charges requested on the same subject. The court's charge was: "If you find a verdict for plaintiffs, it could only be for actual damages; then I instruct you, that the plaintiffs would be entitled to recover the pecuniary value of their son's services until he had arrived at the age of twenty-one years, less the cost and expense of his care, support, and maintenance during the period of his minority, and if you further believe that plaintiff had a reasonable expectation of receiving from said Charley Parker, had he lived, considering his position and ability, contributions to their wants and necessities after he reached his majority, then plaintiffs are entitled to recover whatever pecuniary aid they had a reasonable expectation of so receiving, if any."

The requested charge was, in effect, that the jury should allow them only such amount of damages as will, as a "present cash payment, fairly compensate them for the actual pecunary loss they sustain by the death of their son." The court properly charged the measure of damages, and there was no error in refusing the special charge.

The statute, article 3027, provides that "the jury may give such damages as they think proportioned to the inquiry resulting from such death." This leaves the question of damages to the discretion of the jury; subject, however, to revision by the court in the event such discretion is abused. Railway v. Kindred, 57 Texas, 491. There was no evidence introduced relative to what the "present cash" value of the

damages was upon which the jury could base a finding, and there is no statute fixing such a basis to govern the jury in their finding.

The judgment is reversed and the cause remanded as to Cole & Blocker, but affirmed as to Hill.

*Reversed and remanded.*