Mattie C. Fisher et al. v. Texas Telephone Company et al.

Decided January 20, 1904.

**1.—Negligence of Servant—Injuries Resulting in Death.**

Neither a gas company nor a telephone company, they not being common carriers, can be held liable for injuries resulting in death caused by the negligence of their employes. Rev. Stats., art. 3017; Hendrix v. Walton, 69 Texas, 192.

**2.—Negligence in Employing Servant.**

Negligence in employing a servant can not be inferred from the fact that the injury complained of was subsequently caused by his negligence; nor can negligence in employing one servant be inferred from proof of negligence by another.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

Fisher and others appeal from a judgment for defendants in a suit brought by them against the telephone company and the Waco Gas Company.

*J. B. Scarborough, L. T. Williams,* and *Taylor & Gallagher,* for appellants.

*Boynton & Boynton* and *Clark & Bolinger,* for appellees.

KEY, Associate Justice.—On behalf of herself and her minor son, appellant Mettie C. Fisher brought this suit against the Texas Telephone Company and the Waco Gas Company to recover damages for the death of John H. Fisher, the husband of one and the father of the other plaintiff.

There was a jury trial, resulting in a verdict and judgment for the defendants, and the plaintiff has appealed.

It was shown that John H. Fisher's death was caused by an electric shock received by him from a telephone wire, which he saw hanging in a tree and voluntarily reached up and caught hold of. The testimony tends to show that the wire referred to contained an excessive charge of electricity, resulting from the fact that, at a place some distance from where the accident occurred, the telephone wire was in contact with an electric light wire owned by the gas company. The undisputed testimony shows that several hours before the accident the deceased's son received an electric shock near where the deceased met his death; that deceased had been apprised of that fact, and he and the person who informed him were then engaged in searching for the live wire, the informant having warned him that the wire was dangerous. While engaged in the search, the deceased saw a telephone wire hanging in a tree, reached up and caught it and received the shock which caused his death.

The verdict was general, and we do not know whether the jury reached the conclusion that neither of the defendants, as contradistinguished from their employes, was guilty of negligence, or that the deceased was

guilty of contributory negligence. Testimony was submitted amply sufficient to support the verdict on either or both grounds.

Following Hendrix v. Walton, 69 Texas, 192; Lipscomb v. Railway Co., 64 S. W. Rep., 923, and Cole v. Parker, 66 S. W. Rep., 135, the trial court held, and so instructed the jury, that, as the defendants were not common carriers, they were not liable in death suits for the negligence of their employes.

This ruling is assigned as error, but unless the cases referred to are to be overruled, we think the ruling was correct. These cases hold, that, as liability for injuries resulting in death is created alone by statute, unless the case made comes within the purview of the statute, the plaintiff can not recover; and that, construing the two subdivisions of the statute together, it was not the legislative purpose to hold any defendant liable in such cases for the negligence of an agent, employe or servant, unless such defendant was of the class specified in the first subdivision, which is limited to common carriers. We see no reason why this or any other court should attempt to overthrow the doctrine established by the cases cited; and we therefore hold that the trial court ruled correctly on the point referred to.

Several other objections are urged to the charge of the court and the refusal of requested instructions. We think the court's charge is not subject to the criticisms urged against it, and we also conclude that no error was committed in refusing requested instructions.

We were at first disposed to hold that appellants' special instruction number 5 should have been given. That instruction was so framed as to apply the law specifically to the alleged negligence of the Waco Gas Company in selecting its inspectors and lamp trimmers, and the court's charge on that subject was general and not specific. However, after further consideration, we have reached the conclusion, that, while that issue was presented by the pleadings, there was no testimony which would authorize its submission to the jury, and especially as to one of the employes referred to in the requested instruction. That instruction included two employes, Rawles and Neville, and while there was testimony tending to show negligence on the part of Neville in failing to discover the contact between the two wires, there was no testimony tending to show such negligence on the part of Rawles, because it was not his duty to inspect the wires in the territory where the contact occurred; and there was no testimony tending to show negligence on the part of the gas company in employing or retaining either Rawles or Neville, unless the fact that Neville was thereafter guilty of negligence would tend to establish such negligence on the part of the gas company, and that had no application to the company's conduct in employing Rawles.

The questions presented in appellants' brief have been duly considered, and the conclusion reached that none of them point out reversible error; therefore the judgment is affirmed.

*Affirmed.*

Writ of error refused March 24, 1904.