DEWEESE et al. v. SOUTHWESTERN TELEGRAPH & TELEPHONE CO. et al.†

(Court of Civil Appeals of Texas. Dallas. Feb. 3, 1912. Rehearing Denied Feb. 24, 1912.)

1. APPEAL AND ERROR (§ 719*) — QUESTIONS REVIEWABLE—FUNDAMENTAL ERROR.

The error in sustaining a general demurrer to the petition is fundamental, and will be considered on appeal, though not assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

2. COURTS (§ 91*)—CONTROLLING DECISIONS.

The Court of Civil Appeals will follow the latest decision of the Supreme Court, though it overrules prior decisions of the Supreme Court and of the Court of Civil Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 326; Dec. Dig. § 91.*]

3. DEATH (§ 14*)—ACTIONS FOR WRONGFUL DEATH—STATUTES.

Under Rev. St. 1895, art. 3017, § 2, authorizing an action for death caused by wrongful act, negligence, unskillfulness, or default of another, an action against a telephone company for the death of the wife of a subscriber does not lie where the death was the result of natural causes, but the company failed to provide a communication between the subscriber and a physician, which indirectly prevented the wife from receiving medical attention which might have saved her life, since the contingency is too remote on which to base an action based on breach of contract.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 16; Dec. Dig. § 14.*]

4. DEATH (§ 14*)—ACTIONS FOR WRONGFUL DEATH—STATUTES.

Rev. St. 1895, art. 3017, § 1, authorizing an action for death caused by the negligence of a carrier, does not authorize an action for death caused by the failure of a telephone company to provide a way of communication between a subscriber and a physician to attend the wife of the subscriber suffering from a

disease resulting in her death for want of medical attention.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 16; Dec. Dig. § 14.*]

5. DEATH (§ 14*)—ACTIONS FOR WRONGFUL DEATH.

A telephone corporation, though liable for death caused by its own wrongful act, is not liable for the death of a person caused by the wrongful act of its servants in failing to connect a subscriber with a physician to attend the wife of the subscriber suffering from a disease resulting in her death for want of medical attention.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 16; Dec. Dig. § 14.*]

Appeal from District Court, Rockwall County; F. L. Hawkins, Judge.

Action by R. A. Deweese for himself, and as next friend of his two children, against the Southwestern Telegraph & Telephone Company and others. From a judgment of dismissal, plaintiffs appeal. Affirmed.

T. B. Ridgell, for appellants. A. P. Wozencraft, W. S. Bramlett, D. A. Frank, and S. P. English, for appellees.

RAINEY, C. J. This suit was brought by R. A. Deweese, for himself and as next friend of his two children, Ruth and Wallace Deweese, against the Southwestern Telegraph & Telephone Company and its agents, J. N. Browning and W. P. Latimer, to recover damages which resulted to them from the death of Mrs. Deweese, wife and mother, respectively. J. N. Browning was alleged to be a minor, but that he holds himself out as of age and does business for himself. In the event it was shown he was not liable on account of nonage, his father, J. K. Browning, was made a party, and a judgment asked against him for the negligence of his son. The cause of action alleges the negligent failure of appellees to make connection with the phone of a physician, whereby he might be communicated with and told of his need at the bedside of Mrs. Deweese, who was suffering with a hemorrhage from which she finally died, which could have been prevented had plaintiff been able to communicate over the phone and secure a physician, etc. Defendant answered by general and special demurrers, general denial, etc. The general and special demurrers were sustained. The plaintiff failing to amend, the case was dismissed and plaintiffs appeal.

The only assignment presented is: "The court erred in sustaining the general and special demurrers of the defendants to plaintiffs' petition and in dismissing this cause." This was followed by five propositions. The answer of defendants contained a general demurrer and five distinct special demurrers, which were passed upon by the court.

[1, 2] The appellees contend that appellants' assignment of error is too general to require consideration by this court. This was the holding of our Supreme Court and of this court (Jackson v. Cassidy, 68 Tex. 282, 4 S. W. 541; Paschal v. Owen, 77 Tex. 583, 14 S. W. 203; Tronnier v. Munger, 31 S. W. 245), until the opinion in Hall v. Johnson, 40 S. W. 47, rendered by the Fourth Civil Appeals, which holding was upheld by the Supreme Court in City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518, wherein it was held "that a judgment sustaining a general demurrer, which is a declaration that no cause of action exists would be fundamental, and therefore should be considered although not assigned." This being the last utterance of the Supreme Court on this point, as far as we are advised, we will follow said decision, though it, in effect, overrules decisions of the Supreme Court and of this court.

[3, 4] Plaintiffs' petition, omitting formal parts, is as follows:

"That the defendant corporation keeps and maintains an office open for business for the public and patrons both day and night for the transaction of its telephone business, and keeps its manager and agent in charge of said office at all time both day and night; that said defendant corporation has a great number of customers and patrons who are regular subscribers for its telephone, and one of which patrons, this plaintiff, was at the time the acts of negligence hereinafter shown were committed; that said plaintiff was a subscriber and had in his house a telephone, being a regular subscriber with defendant corporation in its regular rules and course of business for hire, paid by subscribers and patrons, did install its telephone in the houses and dwellings of its subscribers, and for said consideration paid the said corporation would construct therein, which line and telephone is connected with the central office, and, as an inducement for persons to so contract and hire a telephone of said defendant corporation, expressly agreed that its subscribers so having a telephone could by ringing get central office, and could thereby be connected with the other phone or phones of any subscriber of a telephone by receiving, or by giving, the number desired, the central office would ring the number wanted, and would connect plaintiff's phone with any subscriber of the said company, so called, and plaintiff thereby could talk and converse through the telephone of said defendant corporation; that by contracting with the defendant corporation, and by placing a phone in plaintiff's house, the said defendant corporation agreed and promised that plaintiff could get connection with central, and thereby talk and communicate with other patrons and subscribers in and near Rockwall; that plaintiff was a subscriber with defendant corporation, and during the year 1909 and 1910 plaintiff lived about

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

three miles southeast of the city of Rockwall; that he was married, and that his wife, Daisey Deweese, who is dead, and his children, Ruth and Wallace Deweese, were living with plaintiff; that on the 14th day of January, 1910, and for a long time prior thereto, and since, the plaintiff was a subscriber and patron as aforesaid, and that he paid the sum of $1 per month to defendant corporation as hire for said telephone, and paid same for 12 months prior to said date under the agreement that plaintiff and family would for said consideration have the right and could ring central and be connected with other subscribers; that plaintiff's telephone number was 161–3r. The plaintiff's name and number as well as all other subscribers were published in a directory given by said defendant corporation to its patrons.

"Plaintiff alleges that among other patrons and subscribers of defendant corporation was Dr. T. L. Keys and Dr. J. L. Austin, who both had telephones in their dwellings during February, 1910, and for a long time prior thereto, their names being printed in said directory, and who were likewise promised the same service as plaintiff. Plaintiff alleges that on the 29th day of December, 1910, his wife, Daisey Deweese, was taken sick, and Dr. T. L. Keys, the family physician, was called to see her and treat her, the said Daisey Deweese, and about January 10, 1910, she had recovered and was in such condition that his services were not further required; that at the time plaintiff's wife was pregnant, and at the time of her death was in about 8½ months pregnancy; that on the night of January 14, 1910, about 11 o'clock, plaintiff's said wife took suddenly ill with hemorrhages, and was wasting blood due to said pregnancy, and was dangerously sick and suffering great pain; that when she was taken the plaintiff himself, and others acting for him, went to the phone and rang the same in the usual way and regular way and in compliance with the rules of said company, and tried to get central office at Rockwall of the defendant; that plaintiff rang for some time, and seeing that the prospects of getting the central office were not probable so that plaintiff could talk with Dr. Keys and have him come and see his wife as her physician, and seeing that defendant corporation would not answer the telephone of plaintiff, so that the telephone message to Dr. Keys could be transmitted, that plaintiff then used the means at hand, and placed one W. W. Cooper on a horse and sent him to Rockwall for said Dr. Keys, he being the nearest doctor, and said Cooper did come to Rockwall in a reasonable time and went to the home of Dr. Keys, and told him of the sickness of plaintiff's wife, and that he was wanted at once, and said Dr. Keys in a reasonable time came to plaintiff's house, and found plaintiff's wife suffering with a hemorrhage and wasting and trouble what is called 'placenta previa,' or at least partially so; that said previa, or at least partially so; that said Keys arrived at plaintiff's house about 2 o'clock in the morning on the morning of January 15, 1910, when, if the defendant had not been negligent and had answered the ring of plaintiff and transmitted said message, which defendant corporation and other defendants had promised and agreed to do, the said Dr. Keys would have arrived at about 11:40 p. m. on the night of January 14, 1910, and, by reason of said negligence of said defendant, said Keys arrived more than two hours later than he would have arrived if the defendant had not have been negligent in transmitting said message to said Dr. Keys, and in answering said telephone ring and in giving said telephone connection as was promised and agreed; that, when said Keys arrived, he at once commenced to treat plaintiff's wife, and informed plaintiff that it would be necessary that he get another doctor to aid him in administering chloroform; that the wasting would have to be stopped; that a delivery of the child would have to be made; that plaintiff then attempted to get Dr. J. L. Austin over the phone, who was about the nearest doctor, and that he rang the central office in the same manner as he rang for Keys with like results as to connection and of the central office's answering; that seeing he could not get central and transmit the message to Austin as the defendants had theretofore promised to do, and had so agreed with plaintiff and plaintiff's wife, the plaintiff again placed said Cooper on a horse, and in a reasonable time he arrived in the city of Rockwall, where both of said doctors live, and said Austin at once left for plaintiff's home arriving there in a reasonable time, to wit, about 4 o'clock a. m. of January 15th; that the delay in arriving at the said hour by Dr. Austin, as also the hour stated of the arrival of Dr. Keys, was caused by the negligence of the defendants, as will hereafter be shown; that, if said defendants had given connection as theretofore agreed and promised, the said Dr. Austin would have arrived before 1 o'clock a. m. of January 15, 1910, instead of 4 o'clock as aforesaid; that, when said Cooper arrived at Rockwall on the instructions of plaintiff, he went to the office of the defendant corporation wherein the defendants were, except J. K. Browning, and tried to get them to answer, and the said Cooper knocked and made a loud noise, and, although the said defendants were in said office at said time and all of during said night and in charge of same, they failed and refused to answer to the calls of said Cooper and the said calls as stated. The said Cooper went to the residence of said Austin, and, when he arrived there, said Austin got in communication

with the residence of the plaintiff, and talked to Dr. Keys over the defendant's telephone. Plaintiffs say that while they charge that the said agents of defendant corporation in charge of said office heard the telephone calls of plaintiff, and also heard the call of said Cooper as stated, still plaintiffs charge that they are informed and believe that said agents were asleep at the time of said calls, and, if awakened by said calls, refused to answer them. Plaintiffs are informed among the persons in charge of said office on said night was the defendant Jim Browning, who was agent of the defendant corporation, and had charge of said office at said time; that the failure of the defendant corporation to answer the ring and call of plaintiffs and the calls as stated was without excuse, was willful and negligent.

"Plaintiffs show that the defendants each had notice of the sickness of plaintiff's wife and the mother of other plaintiffs, Ruth Deweese and Wallace Deweese, before the calls were made; that they had notice of the serious illness of said Daisey Deweese, the nature of her sickness, and the results that would follow if they were negligent in answering, and in case a delay was caused as aforesaid; that notwithstanding the defendants each and all knew of the situation and conditions as before stated, and the results and injuries that would follow in the failure to transmit the message and furnish connection, and with full notice and knowledge, the defendant failed to do so as contracted and agreed, resulting in the death of Daisey Deweese. That defendant had full notice and knowledge in this that before January 14th, and on January 13, 1910, the plaintiff R. A. Deweese and also Dr. Keys, at his request and request of Daisey Deweese, called on the manager of the defendant corporation, to wit, the defendant Latimer, and also Jim Browning, the agent of defendant, and told each of them that a few nights before that plaintiff Deweese had called the central office and failed to get central, and that he had to send to Rockwall by horseback, and it caused delay in Dr. Keys arriving there, and they each told the defendant the nature of said Daisey Deweese's trouble, and that when she would take sick, which she would likely do at any time, that she would need the services of Dr. Keys, and would need him at once, and that a delay in securing the services of a doctor would likely result in death, and that she would be liable to commence wasting and have hemorrhages as aforesaid at any time, and that the defendants should answer the call and connect with Dr. Keys so he would get there in time, the defendants knowing that Dr. Keys was and would be at home; that plaintiff and other parties for plaintiff, and other parties for himself, plaintiff, and themselves, notified the defendant of the failure to respond to calls of subscribers, and so notified the de-

fendant in writing, and the defendant had due notice of the fact that plaintiff would ring and want Dr. Keys on this occasion, and also knew that Dr. Keys was at home, and also, as stated, knew of the condition of Daisey Deweese, and, with full notice and knowledge, did contract and agree to answer the call of plaintiffs on this time and occasion, and agreed and undertook to give plaintiff connection and transmit the said message to Dr. Keys for him to come to plaintiff's residence to see the said Daisey Deweese, and, notwithstanding the said agreement and contract, the defendant failed and refused to transmit said message, and give plaintiffs connection, resulting in the damages of $30,000. That, as aforesaid, plaintiff and Dr. Keys told the defendants the condition and circumstances as aforesaid, and the defendants promised and agreed and contracted that they would give good service to plaintiff, and they would answer his call and connect him with the residence of Dr. Keys and other doctors so they might haste and in time reach the bedside of plaintiff's wife and especially agreed and undertook to carry out the said contract; that the defendant negligently failed to carry out the contract, and by their negligence said doctors did not arrive until stated and on account thereof the said Daisey Deweese died; that, if said doctors had arrived in time they would have arrived had the defendant carried out their contract as aforesaid, the said Daisey Deweese would have been saved her life, the said child would have been delivered, and that on account of said delay the said Daisey Deweese wasted so much blood that the child could not be delivered, and she could not survive it; that, if said doctors had arrived in time they would have had if the defendant had not been negligent as stated, she would not have died, which fact the defendant knew at the time; that the direct cause of her death was the negligence of the defendants. Plaintiff's said wife, Daisey Deweese, was 24 years of age, and was strong and was the helpmate of plaintiff in assisting him in his avocation, which was farming, and was his aid in the usual duties of the household; that he was caused great anguish by reason and in the breach of the contract, and has been deprived of his companion and has lost her services which would have been rendered had she lived, and he had been deprived of her aid, to the damages of himself in the sum of $30,000.

"Plaintiff alleges that during the lifetime of Daisey Deweese, the mother of the minor plaintiffs herein, she aided in support, comfort, maintenance, and care of each of said children, they both being infants, Ruth being 3 and Wallace about 1½ years of age; that the care and attention of mother was and is necessary at all times, and each expected, that, had she lived, she would have continued to care for and raise them as aforesaid, and

by the death of their mother they each have been deprived of the motherly care and assistance and support to their damage in the sum of $30,000. Plaintiff shows to the court that defendant Latimer and Browning were equally and likewise negligent as their codefendant, the defendant corporation, and by their negligence contributed and aided the negligence of their codefendant and acts of their codefendant in the breach of said contract, and they each, together with their codefendant, agreed and contracted, as their codefendant did, to assist in the transmission of said message, and they willfully and knowingly violated the said contract, and, acting together, caused the damages as herein stated, and the plaintiffs pray judgment over against them for said damages jointly with their said codefendant corporation; that defendant Jim Browning is under the age of 21, and, while they are informed that he contracts business for himself and contracts for himself and holds himself out with persons dealing with him as a person of age, capable of contracting, still the plaintiffs make his father, J. K. Browning, a party to this suit, saying that in the case of minority of his son that he is equally answerable and liable for the negligence of his son. Plaintiffs show to the court that as stated the plaintiffs paid as a rental the sum of $1 per month for the said telephone and defendant corporation agreeing for said consideration that it would give good service, and that it would answer the calls of plaintiff and carry out contract, and plaintiff says they have wholly failed, and plaintiff paid the defendant corporation the sum of $12 as rental, and, on account of the said defendant corporation to carry out its contract for said consideration so paid, the plaintiffs have been damaged in the sum of $12, the amount so paid for the past 12 months, beginning with January."

We are of the opinion that the petition does not state a cause of action, and there was no error in the court's sustaining a general demurrer to the same. The statutes of Texas (article 3017) gives the right of action for actual damages on account of injuries causing the death of any person as stated by section 2, when the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another. If an action lies in this case, it is by virtue of said section 2 of said article, just quoted. The first section of article 3017 relates to common carriers, which has no application here. The petition shows that Mrs. Deweese's death was the result of natural causes, and did not result from an injury to her person by the wrongful act of the telephone company. The failure of the company to provide a way of communication between the appellants and physician was a breach of contract, which may have indirectly prevented her receiving relief, and thereby might have saved her life, but such a contingency is too remote upon which to base an action for damages under the statute. Jackson v. Railroad Co., 87 Mo. 422, 56 Am. Rep. 460; Neilson v. Brown, 13 R. I. 651, 43 Am. Rep. 58.

[5] Again, appellee is a corporation and the negligence charged is that of its employés. While a telephone corporation is liable in an action of death caused by its own wrongful act, it is not liable for the death of a person caused by the wrongful act of its servants. The petition charges the death of Mrs. Deweese to have been caused by the wrongful act of appellee's agents, which fails to state a cause for recovery. Hendrick v. Walton, 69 Tex. 192, 6 S. W. 749; Lipscomb v. Railway Co., 95 Tex. 5, 64 S. W. 923, 55 L. R. A. 869, 93 Am. St. Rep. 804; Fleming v. Loan Agency, 87 Tex. 239, 27 S. W. 126, 26 L. R. A. 250; Cole v. Parker, 27 Tex. Civ. App. 563, 66 S. W. 135; Williams v. Traction Co., 107 S. W. 125; Fisher v. Telegraph Co., 34 Tex. Civ. App. 308, 79 S. W. 50.

The petition did not state a cause of action, and there was no error in the court's ruling.

The judgment is affirmed.