### St. Louis Southwestern Railway Company of Texas v. F. A. Shiflet et al.

#### No. 1310.   Decided June 16, 1904.

**1.—Certified Question—Charge.**

The court decline to pass upon a certified question as to whether it was error to give a certain charge, where the instruction in question is not shown by the certificate, the briefs, or the opinion of the Court of Civil Appeals, though its general nature is shown by the certificate.   (P. 104.)

**2.—Death—Minor Son—Measure of Damages.**

An instruction giving, as the measure of plaintiff's damages for the death of his minor son, the value, as a present payment, of the aid reasonably to be expected of him after majority and the value of his services during minority, was not prejudicial to defendant as giving a mathematical rule for their estimation.   (P. 104.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Henderson County.

*E. B. Perkins* and *Frost & Neblitt,* for appellant.

*Richardson, Watkins & Miller,* for appellee.

BROWN, Associate Justice.—Certified questions from the Court of Civil Appeals of the Fifth District.   The statement and questions are as follows:

"Appellee sued the railway company, appellant, to recover damages alleged to have resulted to them from the death of their minor son, Thomas, through the alleged negligence of appellant's employes.   Defendant plead contributory negligence of Thomas Shiflet, the minor son.   Judgment was rendered for appellees.   The case has been tried four times in the District Court.   This is the third time it has been before the Courts of Civil Appeals, and once passed upon by the Supreme Court.   94 Texas, 131.

"Thomas Shiflet was killed at night by being run over by one of appellant's trains at a point on the track where it was commonly used by pedestrians.

"Except as to some additional evidence showing that the track was used by pedestrians at night the facts are the same as those passed upon by the Supreme Court in St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas,

131, and reference is here made to said case, where the facts are fully stated, and same is made a part of this statement.

"At a former day of this term of court we reversed and remanded the cause, but it is still pending on rehearing.

"One of the grounds for reversal was that the court erred in submitting to the jury the question whether or not Thomas Shiflet was of sufficient intelligence and discretion to understand and appreciate the danger of being on the railroad track at the time and place of the injury. This holding was based on the decision of the Supreme Court in this case on former appeal, 94 Texas, 131.

"The appellees on rehearing contend that this 'court erred in construing the law in this case as set out in the opinion of the Supreme Court of this State, volume 94, page 131, in this: The law of the case as therein set out is expressly based on the assumption by that court, that the deceased was not of right upon the track, and was not there as a "licensee" at the time of his death, but was in the position of a trespasser from the first entry upon the track; whereas the trial court in his charge on the last trial of this case refused to submit any question for the determination of the jury, or to be in any way considered by them, unless they first found that the deceased was of right, and not a trespasser upon the defendant's railway at place he was killed; the Supreme Court in said opinion having held that the original petition presented a sufficient allegation upon that issue, and that it was an affirmable proposition had the same been submitted on trial at that time to the jury.'

"The trial court submitted to the jury the question whether or not Thomas Shiflet was rightfully on the track.

"Question 1. Did the trial court err in submitting to the jury the question whether or not Thomas Shiflet was of sufficient intelligence and discretion to understand and appreciate the danger of being on the railroad track at the time and place of the injury. In other words, did the submission of the question as to his being rightfully on the track authorize the charge or render it harmless?

"On the trial the court permitted the introduction of testimony to the effect that Thomas Shiflet did not have sufficient intelligence to appreciate and realize that if he sat down upon the track while weary and tired at night he might go to sleep, and also in submitting that as an issue to the jury.

"Question 2. Was this evidence admissible in view of the holding in St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 131?

"On the measure of damages the court charged: 'In case you find for the plaintiffs you will assess the damages at such sum of money as you believe from the evidence will be equal to the present money value (if paid now all at one time) of such aid as plaintiffs had a reasonable expectation of receiving from the deceased, Thomas Shiflet, after he was twenty-one years old, if he had lived, and the reasonable value of the services of said minor until he arrived at 21 years of age?'

"Question 3. Does this charge prescribe a mathematical rule for assessing the damages, or does it leave sufficient discretion for the jury in assessing?"

The statement which accompanies the questions submitted does not embrace the charge of the court that is made the subject of inquiry. We have looked to the opinion of the Court of Civil Appeals and to the briefs of counsel for both parties for aid in this respect, but we do not sufficiently understand what the charge of the court contains to enable us to answer the first question.

To the second and third questions we answer, if the plaintiffs are entitled to recover, the charge given by the court upon the measure of damages does not embrace more than they would be entitled to receive under the facts of this case. The railroad company has no ground for complaint against that charge.