## DIXIE MOTOR COACH CORPORATION v. GALVAN et al. *

### No. 4277.

Court of Civil Appeals of Texas. Texarkana.

Nov. 23, 1932.

Rehearing Denied Dec. 1, 1932.

*Writ of error granted.

Leachman & Gardere, of Dallas, and Hiram G. Brown, of Mt. Pleasant, for appellant.

Williams & Williams, of Mt. Pleasant, for appellees.

LEVY, J. (after stating the case as above).

The appellant submits the following proposition, based upon the assignments of error and pleading stated, namely: "Where defendant pleads the negligence of its co-defendant as the sole proximate cause of the accident and injuries made a basis of a cause of action, it is error for the court to refuse special issues requested by the defendant on sole proximate cause which were duly and timely requested and which were supported by both the pleadings and the evidence."

Fault may not be found in the proposition that ordinarily one person is not liable for an injury which is the result solely of the negligence of another person who does not stand in such a relation to the former as to render the doctrine of respondeat superior applicable. He may excuse himself by showing that the injury was due solely to the separate and independent fault or act of another person. The applicant, though, it is believed, in attacking the ruling of the court, is confronted with the limitation that the special issues requested and refused are not applicable nor available to defeat liability of the appellant, in view of the special circumstances of the case and the theory upon which the case was pleaded and tried. The answer of the appellant pleaded, and the defense was offered and presented upon the theory, first, that at the time Albert Galvan was struck and killed by the automobile driven by Holly Taylor the two motor vehicles, the bus of appellant and the automobile of Holly Taylor, were "approximately one half mile apart on the highway." Assuming for the moment that theory of the case was the condition existing, then and in that state of fact, the liability of the appellant would not be in anywise legally existing, although Holly Taylor may have been at fault or negligent at the time his automobile struck and killed Albert Galvan, in the several particulars as stated in the requested special charges. The several particulars as stated in the several requested special charges were: (1) The rate of speed; (2) failure to keep a lookout; (3) failure to timely apply brakes; or (4) traveling too far on the right and off the traveled portion of the road. The several particulars, if existing in fact, would be entirely immaterial so far as casting or defeating liability of appellant. And, considering the answer further, the appellant pleaded, in defense of the theory urged by the plaintiff, the death of Albert Galvan was solely caused by the act and fault of Holly Taylor in the following particular: In passing the bus Holly Taylor drove his automobile on the shoulder and too far off the traveled portion of the road when there was no need of "driving his automobile upon anything other than the traveled portion of the said road." This was the sole particular act charged in the answer to have been done by Holly Taylor independent of any action or fault on the part of the appellant. The plaintiff pleaded and urged and relied upon the theory, in effect, that the concurrent negligence of nonobservance of the law by each driver of the vehicles combined together directly resulted in the injury and death of Albert Galvan.

■ The plaintiff's alleged theory of the case must be considered as the correct one, in view of the judgment and the verdict of the jury. It would thus appear that both motor vehicles met and were actually passing each other on the highway going in opposite directions at the place where Albert Galvan and his companion were standing on the shoulder of the roadway on the south side; that in passing each motor vehicle was being driven at a rate of speed much faster than 15 miles per hour; that before, and while passing each other, the driver of the bus was using a part of the center of the traveled asphalt portion of the road, and Holly Taylor was driving his automobile on the right upon a margin of the traveled portion and mostly upon the shoulder, which at the time was muddy and slippery, and all of which acts, combined together, immediately resulted in the automobile of Holly Taylor striking and killing Albert Galvan; that at the time of the passing of the two vehicles only "about ten feet" of the asphalt or traveled portion of the road "was not covered up with dirt" or mud and was visible. The statute expressly requires the drivers of motor vehicles in passing to slow down the speed to 15 miles or less an hour. Article 794, P. C. In passing in opposite directions, each driver is expressly required by the statute to give to the other vehicle one-half the traveled portion of the road as nearly as possible. Article 801, P. C.

■ In the state of facts mentioned above little need be said about the question of proximate cause. The law is well settled that, when two causes combine to produce an injury to a traveler upon the highway, both of which in their nature are proximate, liability attaches. The generally accepted view in this state is that violation of statutory duty is negligence per se. Hines v. Foreman (Tex. Com. App.) 243 S. W. 479; Orchin v. Fort Worth Poultry & Egg Co. (Tex. Civ. App.) 43 S.W.(2d) 308. And, where concurrent negligence of nonobservance of the law by each operator combined together directly results in an injury, each becomes liable for the whole, even though one may have contributed in a greater degree to the injury, and further inquiry as to proximate cause is not pertinent. Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Tex. 356, 14 S. W. 26, 19 Am. St. Rep. 755; Boyles v. McClure (Tex. Com. App.) 243 S. W. 1080; Schawe v. Leyendecker (Tex. Civ. App.) 269 S. W. 864; 45 C. J. § 487, p. 924; 45 C. J. § 476, pp. 895 and 920. It conclusively appears that the conditions that existed at the time of the injury were such that an ordinarily prudent person might have expected an injury at this location. The breadth of the surfaced portion of the roadway, the muddy condition, and the narrow margin left for travel on the right of the roadway made the use in the manner shown dangerous for a traveler on the shoulder. The fact that Holly Taylor in using the margin on the right may have miscalculated the space or margin in which he might move while using mostly "other than the traveled portion of the road" in passing the bus would not free the appellant from a finding of fault in having contributed to the death of Albert Galvan. There was causal connection between the death and the failure to observe the statute, and the court did not err, it is believed, in refusing the special issues. The proximate cause would not be measured by whether Holly Taylor could have driven by the bus within one foot or two feet proximity to the bus.

■ The appellant predicates error in the definition of "proximate cause" as submitted to the jury in not including and defining "new and independent cause." There is not inadequacy of the definition as given by the court, and is similar to the one most often stated. Hulen v. Ives (Tex. Civ. App.) 281 S. W. 350; and other cases; Speer on Special Issues (1932) § 580, p. 741. There was no new and independent cause intervening in the injury not set in motion by the original wrongful act of appellant in occupying too much of the main traveled portion of the road. The injury complained of resulted in the ordinary and natural course of events immediately from the negligent violation of the statute on the part of appellant which caused Holly Taylor to drive too far over to the right of the center of the road. 45 C. J. § 488, p. 925. There is applicability of the court's definition to the facts of the case.

Error is predicated upon the court's charge as to the measure of damages. It is urged as an objection that the instruction does not authorize deductions to be made for the upkeep of the deceased during the period of his minority. It is believed the instruction as worded may not be held affirmative error. St. Louis S. W. Ry. Co. v. Shiflet, 98 Tex. 103, 81 S. W. 524; Southwestern Portland Cement Co. v. Bustillos (Tex. Civ. App.) 216 S. W. 268.

It is concluded that the amount of damages awarded by verdict of the jury may not be said to be excessive, and the assignment of error in that respect is overruled.

We have considered the assignments of errors relating to argument of the case before the jury by the attorneys, and conclude that there was no reversible error.

The judgment is affirmed.