## TEXAS POWER & LIGHT CO. v. CULWELL et al.

### No. 1199—5549.

Commission of Appeals of Texas, Section B.

Feb. 4, 1931.

Beall, Worsham, Rollins, Burford & Ryburn and A. S. Rollins, all of Dallas, and J. L. Gammon, of Waxahachie, for plaintiff in error.

H. S. Beard and Miller & Price, all of Waco, for defendants in error.

LEDDY, J.

Defendants in error, the surviving wife and daughter of Clyde Key Culwell, were awarded a judgment against plaintiff in error for damages sustained by them on account of his death, which is alleged to have been the proximate result of negligence on the part of plaintiff in error.

At the time of the injury resulting in his death Culwell operated a pressing parlor in the town of Midlothian. Plaintiff in error's electric service wire connected with the rear end of the business house of the Dees Hardware Company, which was situated two or three doors from the building occupied by Culwell. Subsequent to the erection of the electric service wire to the hardware building, a Mrs. Bentley erected a radio wire, which was strung above the electric wire, being fastened at one end to a water tower and at the other to a fire wall of her building, which adjoined the business house of Culwell.

On the afternoon of July 27, 1927, Culwell was seen to go out the back door of his store, and in a few minutes his groans attracted attention. He was discovered dead or in a dying condition, lying several feet from the rear of his business house, with the radio wire grasped in his right hand and lying across his body resting on his breast, and there were burns on his right hand, breast, and wrist. An investigation disclosed that a portion of the radio wire was resting on plaintiff in error's electric wire at a place where the insulation had been worn off.

The jury found, in answer to special issues, that plaintiff in error negligently permitted the insulation on its wire leading into the hardware store to wear off, leaving the naked wire exposed, and that such negligence was the proximate cause of Culwell's death.

Plaintiff in error, conceiving that its negligence was not the proximate cause of Culwell's death, requested a peremptory instruction, which was refused by the court. It insists the refusal of such charge was erroneous because the injury complained of could not reasonably have been contemplated as involving the result under the attendant circumstances.

The evidence shows plaintiff in error knew the radio wire was strung above its electric wire; it being disclosed that prior to the accident resulting in Culwell's death this radio wire had broken and fallen across the electric wire, the same being removed by one of plaintiff in error's employees.

█ We conclude the trial court properly refused the requested peremptory instruction. The question as to whether plaintiff in error's negligence in permitting the insulation to become worn off its electric wire so as to leave the wire exposed was the proximate cause of Culwell's death was one for the determination of the jury under all the facts and circumstances shown in evidence. It cannot be properly held as a matter of law that plaintiff in error could not reasonably anticipate that the radio wire, which it knew to be strung above its electric wire, might, from one cause or another, break and fall across its wire and become heavily charged with a current of electricity, if it happened to rest on that portion of its wire not covered with insulation. We think plaintiff in error should also be reasonably required to anticipate that, if such wire should break and fall and become charged with electricity, it would be in the back yard used in connection with the business houses, which it must have known the occupants used in connection with their business, and that therefore some one rightfully using such premises might likely come in contact with the same and receive a serious injury.

█ Plaintiff in error also asserts that the cause of the break of the radio wire was its being struck by lightning, and that such accident was so unusual and extraordinary it should not be required to anticipate its occurrence. There is no positive evidence in the record that the radio wire was caused to break on account of being struck by lightning. It does appear that an electric storm occurred in Midlothian on the afternoon of July 27, and an unusual clap of thunder was heard just a short time before Culwell went out the rear of the building where he met his death. One of the witnesses gave it as his opinion that it was the lightning striking the radio wire which caused it to break. This, however, seems to have been a mere surmise upon his part, as he did not reach such conclusion from any examination of the surroundings, but only because he heard the heavy clap of thunder, and later found the wire broken. Even if it be conceded the radio wire was cause to break by being struck by lightning, plaintiff in error cannot escape liability if its negligence was a contributing cause to the injury complained of. The intervention of an unforeseen and unexpected cause is not sufficient to relieve a wrongdoer from consequences of negligence, if such negligence directly and proximately co-operates with the independent cause in the resulting injury. City of Fort Worth v. Patterson (Tex. Civ. App.) 196 S. W. 251; Gonzales v. City of Galveston, 84 Tex. 3, 19 S. W. 284, 31 Am. St. Rep. 17.

It is claimed that Southwestern Telegraph & Telephone Co. v. Keys & Casey, 50 Tex. Civ. App. 648, 110 S. W. 767, 769, is directly in point to sustain the proposition that plaintiff in error's negligence was not the proximate cause of Culwell's death. In that case it appeared one of the telephone wires had been broken or burned off by lightning shortly before the accident, and that such wire had become heavily charged with electricity by reason of coming in contact with the trolley wire of the traction company. The plaintiff's team was killed by contact with this heavily charged wire. The court held that the defendants were not liable.

An examination of the opinion discloses that the reason upon which the holding was based does not exist in the instant case. The negligence there alleged was the failure of the traction company to insulate its trolley wire, or to erect and maintain a guard wire over the trolley to prevent the telephone wire from coming in contact therewith. The opinion shows that the accident could not have been prevented by these precautions upon the part of the traction company. In discussing this matter the court said: "It was shown that there were no guard wires above the traction company's wires, but the evidence shows that it was more dangerous to use what are termed guard wires than not to do so, and that the system of guard wires for protection had been abandoned in several of the larger cities. It was shown that the trolley wire of the traction company could not be operated if it were insulated, for the reason that the poles have to come in direct connection with said trolley wire to obtain the requisite amount of electricity to propel the cars," etc.

The court's conclusion as to nonliability of the defendants is shown to rest upon the proposition that there was no concurring negligence on the part of the defendants contributing to cause the injury, as it is stated in the course of the opinion: "* * * And that

the negligence, if any, of the defendants as alleged, to wit, a failure on the part of the telephone company to insulate its wires, and a failure on the part of the traction company to maintain guard wires, did not constitute concurrent negligence on its part, and that there was no causal connection between the two." Here the undisputed evidence shows that it was both practicable and feasible to insulate the electric wire so that the current would not escape therefrom in the event the radio wire should come in contact therewith. There was therefore concurrent negligence on the part of the plaintiff in error which established the causal connection required to constitute such negligence a proximate cause of the injury to Culwell.

One of the defenses pleaded by plaintiff in error was that Culwell did not exercise ordinary care for his own safety, and that he failed to use such care when he took hold of the radio wire, and that such failure caused or contributed to cause his injury. Based upon this affirmative plea, it requested the trial court to submit to the jury the following special issues, which were refused, viz.:

No. 8. "Did Clyde Key Culwell exercise ordinary care in taking hold of the radio wire?"

No. 9. "If you have answered the foregoing Special Issue 'yes,' you need not answer this issue, but if you have answered it 'no,' then you answer this: 'Did such failure to exercise ordinary care cause or contribute to cause his injury?'"

Defendants in error contend that the above issues were properly refused by the court, because issue No. 8 was upon the weight of the evidence, in that it assumed Culwell took hold of the radio wire when such issue was a controverted one.

■■ The evidence does not show, except as may be inferred from the circumstances under which Culwell was found, whether he voluntarily or involuntarily took hold of the radio wire. At the time they found him in a dying condition the wire was grasped in his right hand. The question as to whether he voluntarily took hold of the wire was one for the jury to determine under all the surrounding facts and circumstances. Plaintiff in error's requested issue No. 8 was therefore defective in assuming that Culwell voluntarily took hold of the radio wire.

■ We think, however, the special issue requested, though defective in form, was sufficient to call the trial court's attention to a defensive matter properly pleaded and raised by the evidence; hence that court erred in not giving a proper special issue submitting such defense.

■ From the authorities the rule is deducible that if an issue has been submitted generally, the party desiring a specific charge must request a correct instruction before he can complain on appeal. If, however, an issue made by the pleadings and the evidence has not been submitted at all, a requested instruction, though defective in form, if it is so nearly correct as to be sufficient to call the court's attention to the matter, requires a proper submission of such issue by the court. Freybe v. Tiernan, 76 Tex. 286, 13 S. W. 370; Willis v. Smith, 72 Tex. 565, 10 S. W. 683; Fort Worth & D. C. Ry. Co. v. Thompson (Tex. Civ. App.) 222 S. W. 289; Graves v. Haynes (Tex. Com. App.) 231 S. W. 383; Texas Jurisprudence. Vol. 3, § 136, p. 202.

Here there was a complete failure to submit a defense pleaded and raised by the evidence. Under such circumstances, all that was required was that the court's attention be called to such omission. Special issue No. 8, though defective in form, was clearly sufficient to call the court's attention to its failure to submit the issue sought to be covered thereby.

We think the Court of Civil Appeals, 19 S.W.(2d) 816, properly decided the remaining questions against plaintiff in error.

Because of the error discussed, we recommend that the judgments of the trial court and the Court of Civil Appeals be reversed and the cause remanded for another trial.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.