## TEXAS PUBLIC SERVICE CO. v. ARMSTRONG et al.

### No. 7565.

Court of Civil Appeals of Texas. Austin.

March 11, 1931.

Rehearing Denied April 1, 1931.

Maynard & Maynard, of Bastrop, and Terrell, Davis, McMillan & Hall, of San Antonio, for appellant.

S. L. Staples, of Austin, Merton L. Harris, of Smithville, and James A. King, of Austin, for appellees.

BAUGH, J.

Suit against appellant by the mother and the son of John Deary for negligently causing the latter's death at Smithville on April 28, 1929. From a judgment upon special issue findings of a jury in favor of plaintiffs, the defendant appeals. The following facts appear:

■ Appellant owned and operated the electric light plant in the town of Smithville. From a pole in the alley back of Stephen Bell's place light wires were strung to a negro church 119 feet away. At appellant's pole in the alley these wires were 15½ feet from the ground. They entered the church 13 feet from the ground. Between these points the wires extended through a treetop and across the roof of Stephen Bell's garage, the top of which was 12 feet from the ground. The roof of the garage was covered with corrugated galvanized iron, which on the inside of his yard (the garage abutted upon the alley on the outside) extended down over an adjoining side room or washroom to within 5 feet of the ground. The light wires had sagged and rested upon the galvanized roof, and had, according to some testimony, so rested for as much as a year. The insulation of the wires on the roof and where they passed through the tree had worn off. On the afternoon of April 28th a rain had fallen. About 8 o'clock, John Deary, who lived across the alley from Bell, discovered that the roof of Bell's garage was on fire. He went to Bell's home and notified him. Bell requested Deary to help him extinguish the fire, drew a bucket of water, which Deary took to the roof of the side room where same extended down to within 5 feet of the ground, and attempted to climb upon it to extinguish the fire. The roof was so heavily charged with electricity that when he placed his hands upon it he was immediately killed.

The foregoing is amply sufficient to sustain the finding of negligence against the appellant. Appellant here insists, however, that its negligence was not the proximate cause of the death of John Deary, but that remote and independent intervening causes, not foreseeable by it, brought Deary to his death. These causes so urged were, to copy from its brief: "(a) His coming on the property on which he had no personal business, in which he had no interest; (b) undertaking to put out the fire thereon, for which work he was under no obligation; (c) attempting to climb on the roof of a building in a place and in

a manner at which no provision therefor had been made, and (d) the presence of the wet ground, wet shed, etc., resulting from the rain which occurred during that day, without which the death would, according to the undisputed testimony of Blum, not have resulted."

■■ Appellant relies upon, and insists that same are controlling here, particularly the cases of Seale v. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602, and Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, followed and cited in numerous other cases, especially Trinity & B. V. Ry. Co. v. Blackshear, 106 Tex. 515, 172 S. W. 544, L. R. A. 1915D, 278; Gulf, C. & S. F. Ry. Co. v. Bennett, 110 Tex. 267, 219 S. W. 197; City of Dallas v. Maxwell (Tex. Com. App.) 248 S. W. 667, 27 A. L. R. 927; Magnolia Pet. Co. v. Cocke (Tex. Civ. App.) 3 S.W.(2d) 139; and City of Vernon v. Lisman (Tex. Com. App.) 17 S.W.(2d) 769. The foregoing cases constitute no departure from the well-established general rules with reference to negligence as a proximate cause of injury. The ever present difficulty is in the applicability of these rules to the varied facts arising, or in applying given facts to the rules announced. The general rule as to proximate cause is that, in order to hold one responsible for injuries resulting from his negligence, the injuries must be such that they ought reasonably to have been foreseen in the light of the surrounding circumstances; that is, that a reasonably prudent man in the exercise of ordinary care, and in the light of all the facts, would have anticipated the same or some similar result. It was not essential that appellant should have foreseen the precise injury to any particular individual; but merely that some like injury might and probably would result to some one lawfully on the premises.

■ Nor can the fact that a rain had fallen that afternoon, causing the shed and ground to become wet, thus increasing the quantity and danger of the escaping electrical currents, discharged through appellant's negligence from its uninsulated wires resting upon a sheet iron roof, excuse the appellant, or be classed as any independent or intervening cause of Deary's death. The immediate cause of his death was the escaping current of electricity. Whether that current had through constant contact of the wires with the roof so stored up electricity therein as to inflict the injury, or whether the sheet iron merely acted as a conductor of the current directly from the wires to the deceased, is immaterial. The standard of care required is not that of the uninformed public as to the dangers of electricity; but that of those who are familiar with and undertake to distribute this dangerous and mysterious force. The prudence required of those distributing dangerous articles to the public must be propor-

tionate to and commensurate with the dangers involved. San Antonio Gas & Elec. Co. v. Ocon, 105 Tex. 139, 146 S. W. 162, 39 L. R. A. (N. S.) 1046; Dunlap v. Oak Cliff Pharmacy Co. (Tex. Civ. App.) 288 S. W. 236; Snyder Ice, Light & Power Co. v. Bowron (Tex. Civ. App.) 156 S. W. 550, 20 C. J. 341. Appellant was therefore charged with knowledge that rains would add to and intensify the dangerous condition existing, and that in the natural order of things, rains would probably, if not inevitably, fall at any time. The rain therefore was not an independent cause; but merely an additional contributing cause to a continuing danger already existent, and one which appellant should reasonably have anticipated. In any event, had the rainfall, and the concomitant increased danger resulting therefrom, not been such an occurrence as should have been reasonably anticipated by appellant (which we do not concede), "the intervention of an unforeseen and unexpected cause is not sufficient to relieve a wrongdoer from consequences of negligence, if such negligence directly and proximately co-operates with the independent cause in the resulting injury." Texas P. & L. Co. v. Culwell (Tex. Com. App.) 34 S.W.(2d) 820, 821.

The instant case is clearly distinguishable from the Seale Case and Bigham Case, supra, and cases following them. In those cases the primary acts of negligence complained of were complete in themselves and not actively continuing when the injuries occurred. In the instant case the current of electricity, negligently released by appellant, was a continuing active hazard, and the concurrent, if not the primary, cause of the death of Deary. In the Seale Case the engine, negligently equipped, had emitted the sparks which started the fire, and had passed on. The injury received was not caused by the sparks nor by the engine, but by independent and unforeseeable circumstances arising when the daughter undertook to extinguish the fire. If the sparks from the engine had themselves injured the girl, the railway company could not have excused itself on the ground that the wind was blowing, and but for that fact the sparks would not have reached her. So in the instant case, if the electric current had been cut off after the garage was ignited by it, and the deceased had, in his efforts to extinguish the fire, lost his balance, been blown from the roof by the wind, or had slipped and fallen therefrom because of the wet condition, such would, of course, have been an independent intervening cause of his injury which appellant could not reasonably have anticipated, and an analogous case to those cited. But in the instant case the negligence was active, primary, and continuing, and the same dangerous force which set the

garage on fire also actively and immediately killed the deceased.

■ The only other contention is that the deceased was only a licensee on the premises of Bell, that appellant owed him no duty except to refrain from willfully injuring him, and that not having so injured him it was not liable in damages for his death. Such rule does apply to trespassers or to licensees who are at the time engaged upon some mission of their own. City of Greenville v. Pitts, 102 Tex. 1, 107 S. W. 50, 14 L. R. A. (N. S.) 979, 132 Am. St. Rep. 843; Burnett v. Ft. Worth Light Co., 102 Tex. 31, 112 S. W. 1040, 19 L. R. A. (N. S.) 504; Kruse v. H. & T. C. Ry. Co. (Tex. Civ. App.) 253 S. W. 623; 45 C. J. 796. Exceptions to this rule, however, some time occur where the injured party is merely a technical trespasser, or where the dangerous instrumentality is such as to invite or attract children. The trend of more recent decisions, however, is to less rigidly apply this rule, and in many states it is not followed. See Humphrey v. Gas Co., 100 Vt. 414, 139 A. 440, 56 A. L. R. 1011, and extensive annotations thereunder. But, where the party injured was rightfully on the premises at the time of his injury, either as employee of the owner or under his express or implied invitation, he is neither a trespasser nor a bare licensee, and the general law of negligence applies.

■ Whatever may have been deceased's status when he voluntarily went upon the premises of Bell to inform him that his garage was on fire, at the time he met his death he was there rightfully at the express invitation and request of Bell to assist him in the protection of his property and to extinguish the fire. The evidence in that respect was not controverted. He was not there for his own convenience nor on business with others than the owner of the premises. His services were enlisted by Bell for the preservation of Bell's property; and the extinguishment of the fire would probably have resulted also to the benefit of appellant's property, whose light wires were in the immediate path of the flames, and its light pole in the alley nearby. Under these circumstances the deceased clearly was not a trespasser nor a bare licensee. Houston E. & W. T. Ry. Co. v. Jones (Tex. Civ. App.) 1 S.W.(2d) 743; Kruse v. Ry. Co. (Tex. Civ. App.) 253 S. W. 623, 625; McCoy v. T. P. & L. Co. (Tex. Com. App.) 239 S. W. 1105, 1108; Bustillos v. S. W. Portland Cement Co. (Tex. Com. App.) 211 S. W. 929, 931; Humphrey v. Gas Co., supra, and notes thereunder, 58 A. L. R. 1021 et seq.; 20 C. J. 353, 354.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.