**J. WEINGARTEN, INC., Appellant,**

v.

**M. S. BENAVIDES et ux., Appellees.**

No. 7094.

Court of Civil Appeals of Texas.

Texarkana.

March 10, 1959.

McGregor, Sewell & Junell, Wm. E. Junell, Houston, for appellant.

Hay, Kirk & Baggett, R. T. Van Keuren, Houston, for appellees.

DAVIS, Justice.

Plaintiffs-appellees, N. S. Benavides and wife, Ann Benavides, sued defendant-appellant, J. Weingarten, Inc., for damages for personal injuries alleged to have been sustained by Mrs. Benavides while a customer in appellant's store. The store of appellant was a nursery and appellees had gone there to buy some shrubbery and flowers. While making the purchases they also purchased a 50-lb. bag of fertilizer which was loaded on a large wheelbarrow that looked like a wheelbarrow built for hauling concrete. When appellees had completed the purchases, they went to the cashier to pay for same. An employee of appellant followed and stopped the wheelbarrow immediately behind Mrs. Benavides. About the time Mrs. Benavides had completed paying for her purchases, the wheelbarrow was turned over and struck Mrs. Benavides on the calf of her left leg. The wheelbarrow turned over with such force that it knocked her down, pinned her to the floor and bruised her left leg and buttock. The injury necessitated 19 trips to see her doctor for treatment. In the course of the treatment a blood clot developed in her leg and had to be drained by surgery. A drain tube was inserted in the leg and had to be worn for several days. Mrs. Benavides testified that she was off from work for five weeks and suffered much severe pain up until the time of the trial. At the time of the trial there was still swelling in the left leg and a large area around the place of the wound was discolored. The doctor who testified at the trial testified that Mrs. Benavides had complained bitterly about the pain she was suffering. Mrs. Benavides worked in the office of Sakowitz Brothers in Houston and even though her work was done sitting down, the injury caused her much pain and discomfort in doing her work at the office; and also caused her pain while doing her chores as a housewife at home.

Appellant bases its defense upon the allegation that a small child turned the wheelbarrow over and caused it to strike Mrs. Benavides and that such act was a new and independent cause for which appellant could not be held liable as a matter of law.

Trial was to a jury which found that an employee of appellant placed behind Mrs. Benavides the loaded wheelbarrow which struck her; that such placing of the wheelbarrow was negligence; that such negligence was a proximate cause of the injuries to Mrs. Benavides; that neither of appellees knew of the presence of the wheelbarrow immediately behind Mrs. Benavides at the time and on the occasion in question; that a child did not grab the handle or handles of the wheelbarrow and cause the wheelbarrow to turn or tile over against or onto Mrs. Benavides; that the accident was not the result of an unavoidable accident, and fixed the damages at the sum of $8,000. Judgment was entered for appellees and appellant has perfected its appeal and brings forward seven points of error.

■ Appellant's Point 1 is actually multifarious. It complains of the action of the trial court in overruling its first and second motions for instructed verdict and motion for judgment non obstante veredicto; and also complains of the action of the trial court in entering judgment for appellees for three reasons, contending, (a) that there was no evidence that any negligence of defendant's employees was the proximate cause of the accident in question, the undisputed evidence being that the placing of the wheelbarrow behind Mrs. Benavides merely created a condition which was, at most, a remote cause and not a proximate cause of the accident; (b) a small child, not an employee of defendant, grabbed the handles of the wheelbarrow, causing it to turn over on Mrs. Benavides; and (c) that such act of the child was a new and independent cause. Since all the matters raised are so clearly related, we have decided to consider the point. Because the argument of appellant under the point is based solely upon the theory that the jury should have found that the child turned the wheelbarrow over on Mrs. Benavides and that the evidence in the case justifies no other finding, and therefore appellant is not liable as a matter of law. Counsel for appellant admits with commendable frankness that there are no Texas cases which on the facts are closely analogous to the case at bar as the decisions upon which they rely.

■ First, we will dispose of its contention that the undisputed evidence shows that a child overturned the wheelbarrow. The only witness who testified that a child turned the wheelbarrow over was the cashier for appellant. From a careful examination of all her testimony, it can readily be seen why the jury found to the contrary. To begin with, the cashier was asked the following question and gave the following answer:

"Q. Mrs. McElmurry, after you had handed Mrs. Benavides her change, will you tell the court and jury then what happened?

"A. This little boy was there. He came running around the counter and grabbed the handles of the wheelbarrow and *by that time it had tipped over* and it fell on the back of Mrs. Benavides' leg." (Emphasis added.)

There is no evidence as to the age or size of the child, and when that answer is fully analyzed it may be construed that the wheelbarrow "had been tipped over" and the child was going to the rescue of Mrs. Benavides. Then to discredit Mrs. McElmurry's testimony, the following questions and answers were asked by counsel for appellant and answered by the cashier relative to the child:

"Q. Who was he with?

"A. He was with his mother.

"Q. And was anybody else with him besides his mother?

"A. Yes, his grandmother."

On further interrogation by counsel for appellant, the witness testified that she did not know the people. If she knew the people so well as to give the positive and unequivocal answer to know their relationship, but then failed to give their names, or produce them at the trial to verify her testimony, then it can be easily understood why the jury disbelieved her testimony to the effect that she saw the child turn the wheelbarrow over.

The doctor who treated her testified that he was informed that a child turned a wheelbarrow over against her. The evidence is not positive as to the source of that information. Mrs. Benavides testified positively that she did not know what caused the wheelbarrow to be turned over and that she did not see a child catch hold of same or turn it over. We find and conclude that the evidence is sufficient to support the jury's finding that the child did not overturn the wheelbarrow.

■■■ On the question of non-liability as a matter of law, even if the child had overturned the wheelbarrow, the contention of appellant that it is not liable as a matter of law is not well taken. The jury found that the placing of the wheelbarrow immediately behind Mrs. Benavides was negligence and a proximate cause of her injuries. We find and conclude that the evidence is sufficient to support this finding. It is not contended by appellant that the overturning of the wheelbarrow was not negligence. And if the child did overturn it, that was a concurring act of negligence for which the appellant is liable in damages. Robert R. Walker Inc. v. Burgdorf, 150 Tex. 603, 244 S.W.2d 506; Gulf C. & S. F. R. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659, opinion approved by the Supreme Court; McAfee v. Travis Gas Corp., 137 Tex. 314, 153

S.W.2d 442; Biggers v. Continental Bus System, Tex.Sup.Ct., 303 S.W.2d 359.

The record in this case clearly shows that if the child did overturn the wheelbarrow that it was a concurring act of negligence so closely related to that of appellant that under the authorities above cited, the appellant is liable. The facts in this case are much stronger than those in the Walker v. Burgdorf case, supra. In that case a truck driver pulled into a filling station to have a gas tank drained because he thought it contained water. The filling station attendant removed a plug from the bottom of the tank and was permitting the gasoline and water to drain out onto the pavement and was spraying water from the water hose onto the gasoline, washing it away and into the city drainage system. A stranger standing there started to light a cigarette and was warned about the possible danger. He commented that gasoline and water would not burn and struck a match and deliberately threw it into the gasoline which ignited and caused the damages sued for. The jury found that draining of the gasoline onto the concrete of the driveway of the station was negligence and the proximate cause of the damages. The trial court found that the act of negligence on the part of the stranger was a concurring cause. In reversing the opinion of the Court of Civil Appeals which reversed the trial court, the Supreme Court said [150 Tex. 603, 244 S.W.2d 510]:

"In the case of Gulf C. & S. F. R. Co. v. Ballew, Tex.Com.App., 66 S.W. 2d 659, 661, the authorities supporting the two rules above described are reviewed and distinguished. In the opinion it is said: 'When the new cause or agency concurs with the continuing and co-operating original negligence in working the injury, the original negligence remains a proximate cause of the injury, and the fact that the new concurring cause or agency may not in such case have been reasonably foreseeable should not relieve the wrongdoer of liability.

That such fact does not so relieve him is held in Texas Power & Light Co. v. Culwell [Tex.Com.App., 34 S.W. 2d 820], and Texas Public Service Co. v. Armstrong [Tex.Civ.App., 37 S.W. 2d 294], supra, and by the following other authorities: Sandel v. State, 115 S.C. 168, 104 S.E. 567, 13 A.L.R. 1268; Mahoney v. Beatman, 110 Conn. 184, 147 A. 762, 66 A.L.R. 1121.'

"The trial court found that the negligence of Shaw concurred with the negligence of the employees of Richard R. Burgdorf to cause the injuries complained of, and in view of the degree of care owed by the filling station to the public and to those who patronize same, it cannot be said, as a matter of law, that the negligence of the employees of Richard R. Burgdorf was not a proximate cause of petitioner's injuries. The Court of Civil Appeals erred in holding that such negligence was not the proximate cause of the injuries."

In the Burgdorf case, supra, the Supreme Court cited their previous opinion of McAfee v. Travis Gas Corp., supra, with approval, and in that case the Court said [137 Tex. 314, 153 S.W.2d 447]:

"Also under the fact detailed, the question as to the negligence of McAfee was a question for the jury. The mere fact that he knew about these leaks and knew that they constituted a dangerous condition would not, under the facts of this record, render his act of showing them to Joe Woods negligence as a matter of law.

"It is the rule that those who distribute a dangerous article or agent owe a degree of protection to the public proportionate to and commensurate with the dangers involved. Texas Pub. Service Co. v. Armstrong, Tex.Civ.App., 37 S.W.2d 294, writ refused, and authorities there cited. We think it is the generally accepted rule as applied to torts that 'If the effect of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability.' Restatement of the Law of Torts, Vol. 2, p. 1184, § 439. Stated in another way, 'The intervention of an unforeseen and unexpected cause is not sufficient to relieve a wrongdoer from consequences of negligence, if such negligence directly and proximately co-operates with the independent cause in the resulting injury.' Texas Power & Light Co. v. Culwell, Tex.Com. App., 34 S.W.2d 820, 821; Texas Public Service Co. v. Armstrong, supra."

Further, we think the rule laid down in the case of Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W. 2d 731, 734, is applicable here even if the child overturned the wheelbarrow. In the Landers case the court said:

"* * * Where the tortious acts of two or more wrongdoers join to produce an indivisible injury, that is, an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers, all of the wrongdoers will be held jointly and severally liable for the entire damages *and the injured party may proceed to judgment against any one separately* or against all in one suit. If fewer than the whole number of wrongdoers are joined as defendants to plaintiff's suit, those joined may by proper cross action under the governing rules bring in those omitted. To permit the joinder as defendants of such wrongdoers without at the same time imposing joint liability upon them would not relieve the inequities of the situation nor cure the

ills of the plaintiff. Simple procedural joinder of the defendants would put the plaintiff in no better position to produce the required proof of the portion of the injury attributable to each of the defendants. In most such cases, under the decisions heretofore cited, he would still be the victim of an instructed verdict. It would be of no comfort or advantage to the plaintiff that the instructed verdict relieved all of the defendants of liability in one suit and at one time rather than in separate suits and one at a time." (Emphasis added.)

The point is overruled.

Appellant's Point 2 complains of the trial court's error in submitting Special Issue No. 3, because there was no evidence to raise the issue, and an affirmative answer to such issue would be so against the overwhelming weight and preponderance of the evidence as to be clearly wrong.

■ Point 3 complains of the trial court's action in refusing to grant the motion for new trial because the answer of the jury to Special Issue No. 3 has no support in the evidence, and in the alternative is insufficiently supported by the evidence and is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong. Actually these points are multifarious because they raise the issues of "no evidence," "insufficiency of evidence" and "overwhelming weight and preponderance of the evidence." Be that as it may, we have carefully examined the entire Statement of Facts in the light of the holding of the Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660, and find and conclude as a fact that there was sufficient evidence of probative force to justify the submission of the issue and to support the finding of the jury thereon. Points 2 and 3 are overruled.

By Points 4 and 5 appellant complains of the action of the trial court in refusing to

set aside the jury finding relative to the child's grabbing the handles of the wheelbarrow and overturning it against Mrs. Benavides. Our holding under Point 1 disposes of these points and they are overruled.

■■ By Points 6 and 7 appellant complains of the award of the jury as being so excessive and so against the great weight and preponderance of the evidence as to indicate bias, passion and prejudice, is so clearly wrong that the court erred in refusing to grant a new trial, and such finding of the jury of $8,000 as damages is so excessive that the trial court should have required a substantial remittitur. As we construe the points they merely complain of the action of the trial court in refusing to grant a new trial because of the excessiveness of the verdict and in the trial court's failing to require a remittitur. There is no point in this Court to the effect that the finding of the jury is so excessive as to require this Court to require a remittitur. A hearing was had upon appellant's motion for new trial and some of the jurors were summoned to testify and did testify. The trial court heard their testimony and overruled the motion for new trial and also refused to require a remittitur. We must presume that the trial court found in overruling the motion for new trial that any statements testified to by a juror that would impeach the verdict of the jury was not in fact made, the evidence being such as to justify such a finding, and if it was such as to constitute misconduct on the part of the jury to such extent that they found the verdict to be excessive it was the burden of appellant under Rule 327, Vernon's Ann.Texas Rules of Civil Procedure to show harm therefrom, which it has failed to do in this case. Mrs. Baird's Bread Co. v. Hearn, Tex.Sup.Ct., 300 S.W.2d 646. Appellant's Points 6 and 7 are overruled.

The judgment of the trial court is affirmed.