Helen D. MARSHALL and Louis E. Marshall, Appellants,

v.

JOSKE'S, INC., a/k/a Joske's of Texas, Appellee.

No. 16158.

Court of Civil Appeals of Texas, San Antonio.

April 4, 1979.

C. David Evans, Louis E. Marshall, Evans & Marshall, San Antonio, for appellants.

Roy D. Quillian, III, Brock, Bingham & Person, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

Louis E. Marshall and wife, Helen D. Marshall, appellants, sued Joske's, Inc., appellee, for damages for personal injuries sustained by Mrs. Marshall while a customer in appellee's store. Mrs. Marshall was standing at a counter in appellee's store when she was struck by a baby carriage being pushed by another person which caused her to fall and injure her head, neck, shoulders, and back. At the conclusion of plaintiffs' evidence, the trial court entered a take-nothing judgment against appellants based upon defendant's motion for instructed verdict. We reverse the judgment of the trial court and remand the case for a new trial.

Appellants contend that the evidence admitted at trial was sufficient to raise issues of negligence and proximate cause for the jury's determination. We agree. In reaching this determination, we must review the evidence in its most favorable light in support of appellants' position. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.1970); *White v. White*, 141 Tex. 328, 172 S.W.2d 295 (1943). Any inference that may properly be drawn from the evidence must be indulged against granting the motion for instructed verdict. *Echols v. Wells*, 510 S.W.2d 916 (Tex.1974).

On March 4, 1976, Mrs. Marshall and her daughter went to Joske's in San Antonio for the purpose of purchasing a pair of sunglasses. The sunglasses were displayed on racks in an open display case, which were located on the west side of an aisle in appellee's store. On the east side of this aisle, shelves extended into the aisle where picture frames and other merchandise were displayed. Customers and other persons passing through the store would use this aisle both for shopping for merchandise on the counters and for passage to and from the escalator. The accident occurred when Mrs. Marshall was standing in the aisle with her daughter next to the sunglasses counter looking at the merchandise. While so standing, a woman, who was attempting to push a baby carriage through the aisle which was partially blocked by other persons, struck Mrs. Marshall with the carriage. As a result of this collision, Mrs. Marshall slipped and fell against the bottom shelf on the opposite side of the aisle and sustained injuries.

Appellants alleged that Joske's was negligent in maintaining an aisle on its premises that was too narrow. According to appellants, this narrowness created an unreasonably dangerous condition to shoppers on the premises which proximately caused Mrs. Marshall's injuries. Appellants also alleged that this aisle was narrower than what is permitted by section 3313(b) of the San Antonio Uniform Building Code. This section requires that every aisle within the city shall not be less than three feet six inches wide if serving both sides. This minimum width shall be measured at the point farthest from an exit, cross aisle, or foyer and shall be increased by one and one-half inches for each five feet in length toward the exit, cross aisle, or foyer. Mr. Marshall measured the width of the aisle to be fifty-one inches and estimated the length of the aisle, by pacing it off, to be 105 feet. Since the aisle had both an exit at one end and a cross-aisle at the other, the farthest point

from these ends would be the center, which would be fifty-two and one-half feet. Under the San Antonio Building Code, this figure would be used to determine the proper width of this aisle. Based on these measurements, appellants' expert witness testified that the minimum width of this aisle required by the City Code would be fifty-seven and three-fourths inches. In the absence of any evidence to the contrary, we must accept these measurements as correct. These uncontradicted measurements establish a violation of a city ordinance.

■ A violation of a valid city ordinance is negligence per se. *Alpine Telephone Corp. v. McCall*, 143 Tex. 335, 184 S.W.2d 830 (1944). Once the violation is established the only other finding necessary to subject a defendant to liability is to show the violation of the ordinance was a proximate cause of plaintiff's injuries. *See Missouri Pacific Railroad Co. v. American Statesman*, 552 S.W.2d 99 (Tex.1977).

■ Under Texas law, proximate cause consists of two elements, which are cause in fact and foreseeability. *Missouri Pacific Railroad Co. v. American Statesman*, 552 S.W.2d at 103; *Farley v. M M Cattle Company*, 529 S.W.2d 751, 755 (Tex.1975). Both of these elements must be present to establish liability. *Clark v. Waggoner*, 452 S.W.2d 437 (Tex.1970). Proximate cause, like any other ultimate fact issue, may be established by circumstantial evidence. *Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d 273 (1958). Whether a particular act of negligence is a proximate cause of an injury is ordinarily a question for the jury. *Clark v. Waggoner*, 452 S.W.2d at 440.

The only question in this case is whether there is evidence from which reasonable minds could draw an inference that the violation of the city ordinance was a proximate cause of Mrs. Marshall's injuries. In relation to the cause in fact element of proximate cause, we believe the evidence warrants the inference that Mrs. Marshall's fall was contributed to, if not caused, by the narrow aisle. Since the fact of proximate cause was raised, it should have been submitted to the jury. If it is fairly and rea-

sonably deductible from the evidence that Mrs. Marshall's fall was caused by the narrow aisle, then such inference must be deemed by the trial court to have been admitted as a fact by appellee when it presented its motion for instructed verdict. We think that it can reasonably be said that one of the purposes of the ordinance was to prevent congestion of shoppers in business premises, as occurred in this case.

■ With regard to the foreseeability element, it is not required that the appellee should have foreseen that this particular action would happen in the exact manner that it did happen. All that is required to satisfy the foreseeability element of proximate cause is "that the injury be of such general character as might reasonably have been anticipated; and that the injured parties should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." *Carey v. Pure Distributing Corp.*, 133 Tex. 31, 35, 124 S.W.2d 847, 849 (1939).

Appellee's contention that the instructed verdict was proper because the evidence showed, as a matter of law, that the independent act of a third person was the proximate cause of Mrs. Marshall's fall is without merit. We think the rule laid down in *Landers v. East Texas Salt Water Disposal Co.*, 151 Tex. 251, 248 S.W.2d 731 (1952) is applicable here.

■ In *Landers*, the Supreme Court held:

Where the tortious acts of two or more wrongdoers join to product an indivisible injury, that is, an injury which from its nature cannot be apportioned with reasonable certainty to individual wrongdoers, all of the wrongdoers will be held jointly and severally liable for the entire damages and the injured party may proceed to judgment against any one separately or against all in one suit.

151 Tex. at 256, 248 S.W.2d at 734. The intervention of an unforeseen and unexpected cause is not sufficient to relieve a wrongdoer from the consequences of negligence, if the negligence directly and proximately cooperates with the independent

cause in the resulting injury. *McAfee v. Travis Gas Corporation*, 137 Tex. 314, 153 S.W.2d 442 (1941); *Texas Power & Light Co. v. Culwell*, 34 S.W.2d 820 (Tex.Comm'n App.—1931, holding approved). *See also Robert R. Walker, Inc. v. Burgdorf*, 150 Tex. 603, 244 S.W.2d 506 (1951); *J. Weingarten, Inc. v. Benavides*, 323 S.W.2d 166 (Tex.Civ.App.—Texarkana 1959, no writ); *Henry v. Publix Theatres Corp.*, 25 S.W.2d 695 (Tex.Civ.App.—Dallas 1930, writ ref'd).

■ Appellants also complain of the action of the trial court in refusing to permit him to show post accident remedial measures taken by appellee. Appellants' position is that the rearranging of the aisle by appellee is evidence of negligence. It is well established in Texas that if such evidence is offered for the purpose of showing negligence, it is inadmissible. *Roosth & Genecov Production Co. v. White*, 152 Tex. 619, 262 S.W.2d 99 (1953). In connection with this rule, Justice Keith has aptly noted, "For aught that appears, defendant may have simply rearranged the store as a housewife frequently rearranges her furniture." *J. Weingarten, Inc. v. Sandefer*, 490 S.W.2d 941, 946 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e.).

The judgment of the trial court is reversed and the cause is remanded for a new trial.